**VICTORIA L. FRANCIS**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**2601 2nd Ave. North, Suite 3200**
**Billings, MT 59101**
**Phone: (406) 247- 4633**
**FAX: (406) 657- 6058**
**Email Address: Victoria.francis@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**United States of America**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CV 20-____-GF-____** |
| **Plaintiff,** | |
| **vs.** | **VERIFIED COMPLAINT FOR FORFEITURE *IN REM*** |
| **$5,098.00 in U.S. Currency,** | |
| **Defendant.** | |

Plaintiff, United States of America, by and through Victoria L. Francis, Assistant United States Attorney for the District of Montana, brings this complaint pursuant to Supplemental Rule G(2) of the Federal Rules of Civil Procedure. The Plaintiff states and alleges as follows:

1

## NATURE OF THE ACTION

1. This is an action to forfeit and condemn to the use and benefit of the United States of America, United States currency in the amount of $5,098.00 (hereafter defendant currency) for violations of 21 U.S.C. §§ 841 *et seq*. and 881(a)(6).

## JURISDICTION AND VENUE

2. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant currency under 21 U.S.C. § 881. This Court has jurisdiction over the action commenced by the United States under 28 U.S.C. §§ 1345 and 1355(a).

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1355(b)(1)(B) and 1395(b) because this is a civil proceeding for the forfeiture of the defendant currency that was found in Cascade County, Montana.

## FACTS

1. On April 11, 2020, a manager at the Comfort Inn in Great Falls, reported suspicious activity to Det. Sam Wavra occurring at the hotel. The guest, by the name of Mitchell Wright had multiple visitors entering through the back door of the hotel and he had used a third party booking service for the hotel and prepaid for two nights. Wright's room was #100, and was a corner room at the hotel. He called for service on his room because the shower was not working. Hotel staff offered to move him to a different room, but he declined. The head of

2

maintenance also reported that he had heard Wright having a suspicious conversation on the phone while he was fixing the shower.

2.     Wright allowed housekeeping to remove the trash from the room. Detectives subsequently searched the trash and found drug paraphernalia and what appeared to be a drug ledger in the experience of the Detectives.  The manager of the Comfort Inn further informed Det. Wavra that Wright drove a gray Nissan with California license plates.  Wright had also been seen with another car in the parking lot.  The manager sent a picture of this car to Det. Wavra.  Det. Wavra confirmed the car was associated with Cas Loftin, who is a known heroin user and illegal drug distributor in Great Falls.

3.     Wright extended his stay at the Comfort Inn for an additional two days, from April 12, 2020, through Tuesday, April 14, 2020.  On April 13, 2020, detectives found Wright's car in the hotel parking lot.  Det. Wavra and Det. Hunt surveilled room #100.  At one point, Wright carried bedding material and trash out of the room and dumped it in the maintenance room.  Det. Wavra collected the disposed trash and bedding and took it behind the nearby Golden Corral to examine the contents.  Det. Wavra found a parcel box shipped by the United States Postal Service to Mitchell Wright at the La Quinta Inn and Suites in Great Falls, and postmarked from Mike Hernandez of Fountain Valley, California.  The

S:\civil\2020V00217\Complaint.docx

detective also found coffee grounds, sandwich baggies, and used rubber gloves which are often associated with illegal drug packaging for mailing and/or for further distribution.

4.      After finding the postal box, detectives contacted Walt Tubbs with the United States Postal Inspection Service.  Tubbs researched the parcel and found it was a USPS Express Parcel with tracking number of EJ243419532US.  The recipient information was recorded as "La Quinta Inn & Suites, attn.: Mitchell Wright, Room 307, 600 River Drive S, Great Falls, MT 59405."  The parcel had the sender information of "Mike Hernandez, 11503 Crystal Ave, Fountain Valley, CA."  The parcel was shipped on April 11, 2020, from the Fountain Valley, CA, post office, which is located at 17227 Newhope St, Fountain Valley, CA 92728, and was delivered to the recipient address on April 13, 2020.  The parcel had a listed weight of one pound 14 ounces and cost $46.20 in postage.  The postage was paid for with cash, and the sender address was not a valid physical address.

5.      Detectives obtained a state search warrant for Wright's hotel room at the Comfort Inn.  While other detectives conducted surveillance on Wright's car, Wright left the hotel and got into his car and drove through the parking lots of businesses nearby.  Due to the Covid-19 pandemic, the parking lots were empty, and Wright began to circle cars driven by task force offices and took pictures of the

4

cars with his phone.  Deputy Lindland eventually stopped Wright's car in a nearby
neighborhood while detectives went to Wright's hotel room.

6.      When detectives got to Wright's hotel room, they found Kelsey
Kincaid inside the room.  She requested an attorney and detectives allowed her to
leave.  Inside the room, detectives found and seized a small baggie of heroin,
methamphetamine concealed in a Tupperware container in the safe, various other
small amounts of methamphetamine in the bathroom, a scale, wire transfers, and
$100.00.  The drug results from the controlled substances seized from the hotel
rooms consisted of the following:

- Net weight of .631 grams of methamphetamine hydrochloride and
  substance purity of 99%, which resulted in .624 grams of actual
  methamphetamine.

- Net weight of .055 grams of heroin.

- Net weight of .075 grams of methamphetamine hydrochloride with
  dimethyl sulfone.

- Net weight of 21.438 grams of methamphetamine hydrochloride with
  dimethyl sulfone and substance purity of 92%, which resulted in
  19.722 grams of actual methamphetamine.

S:\civil\2020V00217\Complaint.docx

7.     After Wright was stopped by Deputy Lindland he agreed to speak
with detectives after he waived his Miranda rights.  Wright told Det. Scheer that he
arrived in Great Falls around April 6, 2020, to meet with Kati McLean.  McLean is
well known to Great Falls law enforcement as a local drug dealer.  Wright said he
knew McLean from Seattle and they reconnected in March over Facebook.  When
Wright got to Great Falls, he initially stayed at the La Quinta Inn for two nights.
They then went to the Extended Stay for two nights.  At some point, McLean
introduced Wright to Thomas Richardson.  Wright and Richardson struck a deal,
and Wright ordered two pounds of methamphetamine and an ounce of heroin from
his source in California.  One pound of methamphetamine arrived in Great Falls on
April 13th.  Wright went to the La Quinta Inn, picked up the package, and brought
it back to the Comfort Inn.

8.     Wright said his supplier had been short and was sending another half-
pound of methamphetamine and an ounce of heroin that week.  Richardson came
to the Comfort Inn to pick up the methamphetamine.  Wright provided
Richardson's phone number to the detectives. The phone number was associated
with Tom Richardson.  At the hotel, Richardson helped break down the
methamphetamine, and found it was an ounce short of a pound.  Richardson then
left the hotel and began to sell the drugs in Great Falls.  Detectives inquired if

6

Wright could get Richardson to come back to the hotel in order to recover any drugs and proceeds.  Wright agreed and began to contact Richardson.

9.      Wright further elaborated that he had driven to Montana with an ounce of methamphetamine and two ounces of heroin.  He said he had been laid off from work the past month, and the money in his pocket was from selling drugs. Detectives seized the $1503.00 found in his pocket.  Wright also used the Signal app to communicate with folks in Great Falls.  He told the detectives that he was expecting another package in the mail, and provided a tracking number.  However, detectives were unable to verify the tracking number.  Detectives seized Wright's car and the currency pending a search warrant and released him.

10.      Meanwhile, detectives learned that Richardson was staying at 929 4th Ave NW in Great Falls.  Richardson came outside and was about to get in his car when detectives attempted to stop him.  Richardson tried to flee and dropped a backpack and the remainder of his drugs in the yard.  Detectives detained Richardson and took him to the police station for an interview.  Richardson told police that he is a methamphetamine user and typically uses a half-gram a day.  He denied buying a pound of methamphetamine from Wright, but then acknowledge the pound was short.  Richardson added that the word on the street is that there are dirty cops everywhere, and one of the biggest heroin dealers in Great Falls claims

S:\civil\2020V00217\Complaint.docx

he is a cop.  Detectives obtained a search warrant for Richardson's home and truck.

They seized various controlled substances and the DEA Laboratory analyzed the

drugs with the following result:

- Net weight of 5 grams of marijuana.

- Net weight of 19.3 grams of methamphetamine hydrochloride and

substance purity of 94%, which resulted in 18.1 grams of actual methamphetamine.

-Net weight of 2.38 grams of marijuana. THC – not analyzed.

- Net weight of .779 grams of methamphetamine hydrochloride and

substance purity of 94%, which resulted in .732 grams of actual methamphetamine.

11.    On April 14, 2020, Det. Wavra received a text message from Wright

who wanted his car back.  Wavra asked Wright about an updated tracking number

on the incoming package, and Wright provided a new tracking number.  That same

day, Inspector Tubbs found a parcel with tracking number of

9505516195460104339417 that was shipped from Long Beach, California, on

April 13, 2020, and was sent to the address of 1801 Market Place Dr, Great Falls,

MT 59404.  This was the same tracking number that Wright provided to Det.

Wavra.  The address of 1801 Market Place Drive belongs to the Comfort Inn.  The

parcel had a listed weight of two pounds 11 ounces and cost $15.05 in postage and

8

was paid for with cash.  Tubbs obtained a federal search warrant for the package on April 15, 2020.

12.     On April 16, 2020, Inspector Tubbs and detectives opened the second package.  Inside the package, they found clothing, CDs, a deck of cards, and a bag of M&M candy that contained heroin.  The DEA Laboratory analyzed the heroin and determined the following:  Net weight of 21.850 grams of heroin.

13.     On May 1, 2020, Sgt. Justin Jaeger with the Eastern Montana Drug Task Force called Sgt. Mitchell to pass on that the Lewistown police department had called about a Joseph Wright who was staying at the Super 8 Motel in Lewistown.  Lewistown PD Sgt. Routzahn told Inspector Tubbs that Lewistown police officers had found a grey Nissan Altima that day in the Super 8 Motel parking lot in Lewistown, Montana.  The Super 8 Motel is located at 102 Wendall Ave.  The officers found the license plate for the car, California #8MDP616, was suspended.  They also noticed the car still had evidence tape on it from the previous search in Great Falls.

14.     In addition, Lewistown PD Officer Johnson had spoken with a concerned citizen about this car.  The concerned citizen had previously provided credible drug information to the Lewistown Police Department.  The concerned citizen told the police that the driver of the car had come from California to

9

distribute narcotics in Helena, Great Falls, and Billings.  The concerned citizen told

Officer Johnson that the driver was leaving that day, May 1, 2020, for Billings with

drugs.

15.     Based on this information, Lewistown PD Officer Wirtz and Sgt.

Routzahn surveilled the car for six hours during the morning of May 1, 2020.

During this time, the concerned citizen spoke with Officer Wirtz and wanted to

meet Officer Wirtz in the hospital parking lot with more information about the

owner of the Nissan.  The concerned citizen told Officer Wirtz that the driver,

known to the concerned citizen as "MJ," would go to hotels in different cities and

have packages of drugs mailed to the hotels for MJ to distribute.

16.     By 11:45 am on May 1, 2020, no one had moved the Nissan Altima

from the parking lot and Sgt. Routzahn and Officer Wirtz returned to the

Lewistown Police Department.  Later, Officer Wirtz returned to patrol.  While on

patrol, Officer Wirtz saw the Nissan Altima drive in front of Officer Wirtz on

Broadway at 7th Ave in Lewistown, Montana.  Officer Wirtz activated the top

lights on his patrol car and initiated a traffic stop.  Officer Wirtz approached the

driver and identified him as Mitchell Joseph Wright.  Wright was hostile toward

the officer and said he was going to report Officer Wirtz to the police chief.

Wright stated this was the sixth time he had been stopped by the police in

10

Lewistown in the last two days.  Officer Wirtz asked for Wright's insurance

several times but he did not provide it.  Officer Wirtz asked Wright where he was

coming from and going, but Wright was evasive and would not answer some of the

questions.

17.     Officer Wirtz cited Wright for having a suspended license plate and

not having insurance, and explained to Wright he would not be able to drive the

vehicle without insurance.  The officer also explained that as part of the Lewistown

Police Department's policy on citing individuals from outside the area, that the

Lewistown Police Department would collect bond for the citations immediately.

Wright refused, and Sgt. Routzahn suggested that Wright walk two blocks to

Justice Court where he could be seen by the Judge.  Wright agreed and walked to

Justice Court.  The judge was out to lunch and Wright claimed he had just called

the California DMV and his plate was valid.  Sgt. Routzahn ran his plate again

through CJIN and the plate returned as suspended.  Wright attempted to show

Officer Wirtz insurance for the vehicle.  It appeared Wright had purchased

insurance on the vehicle during his walk to Justice Court and the start date of the

insurance was May 2, 2020.  Wright left Justice Court without seeing the judge and

went back to his vehicle.  Wright refused to move his vehicle, and a short time

later, a tow truck towed Wright's vehicle back to an area near the Super 8 motel.

18.     Based on this information, Inspector Tubbs began to research postal packages going to hotels in Lewistown. That same day, May 1, 2020, Tubbs found a package destined for Wright in Lewistown. Inspector Tubbs determined the package was a USPS Express Parcel with tracking number of EJ343078062US. The recipient information was recorded as "Super 8 Motel, c/o M Right, 102 Wendell Ave, Lewistown, MT 59457." The parcel had the sender information of "Ryan Jude Keller, 328 S Greengrove Dr, Orange, CA 92866." The parcel was shipped on April 29, 2020, from the Garden Grove, California, post office, which is located at 10441 Stanford Ave, Garden Grove, CA 92842. The parcel had a listed weight of 9 ounces and cost $36.70 in postage, which was paid for with cash. The sender address was a valid delivery address. Tubbs found the package at the Great Falls post office and received a federal search warrant to search the package.

19.     On May 2, 2020, Tubbs and detectives in Great Falls searched the package intended for Wright in Lewistown. They found a large Ziploc bag with two golf ball sized packages of heroin. The DEA Laboratory analyzed the heroin and determined the following: Net weight of 50.1 grams of heroin.

20.     Law enforcement then went to Lewistown to make a controlled delivery of the package to Wright. A front desk employee at Super 8 reported that Wright had asked repeatedly if the package had arrived. Detectives provided the

12

employee with the package and the employee called Wright, but he did not answer. Wright then called the front desk and she said the package had arrived. Wright told the employee that he was going to load up his car with a few things and would be by to pick up the package. Wright came to the front desk around 11:30 am and hesitated for some time once police announced their presence. Officers handcuffed Wright and found, and seized, a pipe in his pant pocket and large amount of U.S. currency (later determined to total $2,500.00) in his vest pocket. Officers took Wright to the Fergus County Detention Center and found a baggie of crystal power in his vest. The DEA Laboratory analyzed this substance and determined the following: Net weight of 13.2 grams of methamphetamine hydrochloride with dimethyl sulfone and substance purity of 85%, which resulted in 11.2 grams of actual methamphetamine.

21.     Fergus County charged Wright with felony drug offenses. Wright bonded out and was subject to a GPS monitor and returned to Great Falls.

22.     On June 6, 2020, the post office in Great Falls informed Inspector Tubbs of a suspicious package that was mailed from California to Great Falls. The post office was concerned because the package was addressed to a vacant address, was sent overnight and cost $41.70. The sender also paid for the package in cash and paid an additional $5.00 to have the package delivered before 10:30 a.m.

S:\civil\2020V00217\Complaint.docx

Inspector Tubbs researched the return address and found it was not a valid address. Tubbs also researched the recipient name on the package, "Wyatt Copeland," and could not find any such name or address associated with that name in Great Falls.

23.     That same day, June 6, 2020, the Great Falls post office received an online customer inquiry through the postal databases as to why the package had not been delivered to the vacant address. The inquiry was made through going to usps.com and occurred on June 5, 2020, at approximately 11:51 p.m. The post office received the inquiry on June 6, 2020. The inquirer left a name of "Wyatt Copeland," a phone number of (406) 836-7576, and an email of seatopv@gmail.com. The post office attempted to call the number but the call went to voicemail and no one called back.

24.     Inspector Tubbs received a federal search warrant for the package on June 8, 2020. Inspector Tubbs and other law enforcement opened the package and found approximately 110 grams of methamphetamine that was wrapped in coffee grounds. The methamphetamine had a presumptive positive test as methamphetamine. Meanwhile, Inspector Tubbs learned that the post office received an email response to the inquiry and asked if a family member could pick up the package. Inspector Tubbs resealed the package for a controlled delivery. Agents were also able to determine that the IP address used to contact the United

14

States Postal Service originated from a hotel in Lewistown, Montana.  The DEA

lab results determined the package contained a net weight of 111.0 grams of

methamphetamine hydrochloride and had a substance purity of 94%. This resulted

in 104.3 grams of actual methamphetamine.

25.     On June 11, 2020, a man arrived to pick up the package.  Law

enforcement identified themselves and asked to speak with the man.  The man

agreed to waive his Miranda rights and speak with the agents and detectives.  He

admitted that he was addicted to methamphetamine and that his supplier asked him

to go pick up the package at the post office.  The man showed agents messages on

his phone that contained the tracking number and instructions for picking up the

package.  The man further stated that his source of narcotics in Great Falls was

working for a man known as "MJ."  The man knew that MJ had ordered the

package from California.  The man provided his source's name to the agents, and

arranged to meet him at Albertson's in Great Falls under the guise of providing

him the package.

26.     Law enforcement went to Albertson's and identified themselves to the

man's source, who will be further referred to as CI 1.  CI 1 admitted that MJ had

ordered the package and he worked to distribute drugs for MJ.  CI 1 did not know

MJ's real name, but said MJ drove a gray Toyota or Nissan sedan.  He further said

MJ was a white male with brown hair and a short buzz cut. MJ also had blue colored tattoos on his arms. CI 1also believed MJ had a GPS bracelet. CI 1 said that he was in the process of finding MJ a new car, because MJ was going to drive to California and pick up pounds of methamphetamine and heroin from the cartel. CI 1 allowed agents to search his phone, and law enforcement identified two phone numbers associated with "MJ" – XXX-XXX-5449 and XXX-XXX-8137.

27.     Agents followed up on the phone numbers and HSI SA Mike Munn found a financial transaction linked to XXX-XXX-5449. Specifically, Agent Munn found that Mitchell Wright had sent $1,100.00, from a location in Great Falls to Michael Allen Englebright in Garden Grove, California. Based on this information, Det. Scheer showed a picture of Wright to CI 1. CI 1 identified Wright as his source of narcotics.

28.     CI 1 continued to be in contact with Wright, and informed agents that Wright had inquired about obtaining firearms in exchange for methamphetamine. Specifically, on June 17, 2020, Wright had told CI 1 that the cartel would pay $1,000.00 for a clean firearm, and Wright specifically wanted an EAA, MC1911SC Commander, a Smith & Wesson Model 325 Thunder Ranch, and a Remington 870 pump shotgun. CI 1 understood that if he provided these firearms to Wright, Wright would provide him methamphetamine in return.

S:\civil\2020V00217\Complaint.docx

29.     On June 22, 2020, CI 1 contacted law enforcement and stated that MJ

was in Great Falls and was staying at the Extended Stay America.  Det. Scheer

drove by the hotel and located the 2016 gray Nissan Altima with California license

plate 8MDP616.  Det. Sheer inquired into the license plate and confirmed it was

registered to Mitchell Wright.  Det. Scheer also learned that there was an

outstanding arrest warrant for Wright from Cascade County.  On June 23, 2020, CI

1 told agents that MJ had told him he would get back to him concerning the

firearms and payment, but the CI and agents interpreted the conversation that the

deal would happen that day.  Wright had also told CI 1 that Wright would be able

to reverse the current lack of available methamphetamine within the Great Falls,

Montana, area.

30.     During the morning of June 23, 2020, as law enforcement waited to

hear back from CI 1, detectives watched as Wright checked out of the Extended

Stay America at 800 River Drive South, in Great Falls, Montana.  Detective Scheer

watched Wright load two large backpacks into the 2016 gray Nissan Altima with

California license plate 8MDP616.  Wright was the only person in the car and

drove away from the hotel.  Because Wright appeared to be checking out of the

hotel, law enforcement decided to stop him for officer safety, as it was believed he

would be preparing to meet with CI 1 to exchange methamphetamine for firearms.

17

Meanwhile, other law enforcement quickly checked with the staff at the Extended Stay Hotel and learned Wright had checked out of the room.  Officers found a glass pipe in his room, which was consistent with a pipe used to smoke methamphetamine.

31.    Wright initially stopped his car at the Town Pump gas station at 1400 10th Ave South, Great Falls, Montana.  Officers then approached the vehicle, but Wright fled the area in his car.  Officers attempted to stop Wright, but he drove at a high rate of speed throughout Great Falls for approximately 20 minutes.  At one point, officers deployed stop sticks, or tire deflation devices, in the road.  Wright drove at such a high rate of speed that his car left numerous skid marks on the road from taking corners at a high rate of speed.  The general speed limit in the area of the pursuit is 25 to 35 miles per hour, and Wright drove at a much higher rate of speed.  Ultimately, Wright attempted to turn southbound onto 14th Street South from 9th Ave South, which is an area of mixed residential and business properties.  At that point, Wright lost control of his vehicle and crashed into the curb.  Due to the vehicle being disabled, Wright got out of the car, but immediately opened the trunk, grabbed the two large backpacks he had previously loaded into the car at the hotel, and fled on foot.

18

32.     Officers lost track of Wright as he fled, but learned he entered the Rent-A-Center at 1515 10th Ave South, Great Falls, Montana and went into the restroom.  Officers arrested Wright after he left the building and they found him. Police searched the restroom at the Rent-A-Center and found a small amount of suspected methamphetamine in a plastic bag next to car keys that belonged to the 2016 gray Nissan Altima.  Law enforcement also watched the surveillance video from the Rent-A-Center and saw that Wright changed his clothes from in between the time he fled from his car and was arrested.

33.     Upon taking Wright into custody, $995 in U.S. curreney, was seized from Wright. While being arrested, Wright stated that he attempted to ingest methamphetamine and that he would be dead before officers booked him into the jail.  Officers reviewed security footage from 15th Street Service Center at 1501 10th Ave South, Great Falls, Montana, 59405, and saw that Wright appeared to place something into his mouth. Law enforcement called EMS to evaluate Wright and, on their recommendation, he was transported to the Benefis Emergency Room for evaluation. After being cleared by an ER doctor and cleared, Wright was then transported to the Cascade County Detention Facility.  Agents received searched warrants for Wright's car and the backpacks, but found no additional drugs.

Wright likely disposed of any drugs in the restroom at the service center where he changed his clothes and fled from police.

34.     The totality of the circumstances, including but not limited to the facts set forth above, support probable cause that the $5,098.00 in U.S. currency ($100.00 seized from Wright's hotel room on April 13, 2020; $1,503.00 seized from Wright on April 13, 2020, in Great Falls; $2,500.00 seized from Wright on May 2, 2020, in Lewistown; $995.00 seized from Wright at time of his arrest on June 23, 2020, in Great Falls; totaling  $5,098.00 ) all of which supports probable cause that the currency seized constitutes monies furnished or intended to be furnished in exchange for a controlled substance, and/or monies used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841, *et seq* and is subject to forfeiture under §881(a)(6).

35.     The ATF has possession, custody and control of the Defendant currency.

## CLAIM FOR RELIEF

36.  Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 35 above.

37.  The defendant currency constitutes monies or other things of value furnished or intended to be furnished in exchange for a controlled substance, and/or

S:\civil\2020V00217\Complaint.docx

were used or intended to be used to facilitate one or more violations of 21 U.S.C.§ 841, *et seq*.

38.   As a result of the foregoing, the defendant currency is liable to condemnation and forfeiture to the United States for its use, in accordance with 21 U.S.C. § 881(a)(6).

**DATED** this 19th day of January, 2021.

**LEIF M. JOHNSON**
**Acting United States Attorney**

**/s/ VICTORIA L. FRANCIS**
**Assistant U.S. Attorney**
**Attorney for Plaintiff**

21

**VERIFICATION**

I, Special Agent, Mark Wozniak, declare under penalty of perjury that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). I have read the foregoing Verified Complaint *in Rem,* and know the contents. The matters contained in the complaint are true and correct. They are based on either my personal knowledge, or alleged on information provided, and I believe those matters to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, including the Cascade County Sheriff's Department, the Great Falls Police Department, and the Lewistown Police Department, as well as my own investigation.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated this 19th day of January, 2021.

Digitally signed by Mark Wozniak
Date: 2021.01.19 13:00:08 -07'00'

Mark Wozniak, Special Agent
Bureau of Alcohol, Tobacco, Firearms, and
Explosives

C:\Users\mcwozniak\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\O0FA6D9O\Complaint (002).docx

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America | $5,098.00 in U.S. Currency |

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Cascade
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Victoria L. Francis, United States Attorney's Office
2601 2nd Avenue North, Suite 3200, Billings, MT 59101
406-247-4633

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government
      Plaintiff

☐ 3   Federal Question
      *(U.S. Government Not a Party)*

☐ 2   U.S. Government
      Defendant

☐ 4   Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*   *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☒ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another District *(specify)*    ☐ 6 Multidistrict Litigation - Transfer    ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 U.S.C. §§ 841et seq. and 881(a)(6)
Brief description of cause:
Forfeiture of Currency

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 01/19/2021 | /s/ VICTORIA L. FRANCIS, ASSISTANT U.S. ATTORNEY |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**    **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**    **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**    **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**    **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**    **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.